IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GENE R. MESSER,<br>*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-423 |
| PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF HARTFORD<br>*Defendant.* | § § § § | |

**NOTICE OF REMOVAL**

Defendant Property and Casualty Insurance Company of Hartford ("Hartford"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action, Cause No. E-2043314; *Gene R. Messer v. Property and Casualty Insurance Company of Hartford;* In the 172nd Judicial District Court of Jefferson County, Texas. In support of this Notice of Removal, Hartford respectfully submits:

1. Gene R. Messer ("Plaintiff") commenced this action by filing his Original Petition on August 20, 2019, in the 172nd Judicial District Court, Jefferson County, Texas. Hartford was served on August 26, 2019.

2. Hartford has requested certified copies of all process, pleadings, and orders from the Jefferson County District Clerk. Hartford has attached certified copies of the documents contained in the state court file as Exhibit A to this Notice of Removal.

3. The Petition avers that Plaintiff resides in Jefferson County, Texas.[1] The Petition alleges that Hartford is "a Domestic corporation authorized to engage in the insurance business in the

---

[1] Petition, §§ I and IV.

State of Texas"[2] In fact, Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4.  Plaintiff alleges that he seeks "only monetary relief of $100,000 or less."[3] Although Plaintiff further alleges that his "damages do not exceed $75,000,"[4] he does not include a declaration or affidavit unequivocally committing to damages at or under $75,000.

5.  Because Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[5] "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings."[6] No binding stipulation or affidavit was filed with Plaintiffs' Petition.

6.  When a plaintiff's pleading does not allege a specific amount in controversy, the removing Defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[7] Plaintiff alleges that sustained "losses in the form of storm damage, including but not limited to damage from wind and/or hail and damages resulting therefrom."[8] The damage includes "roof and architectural finishes (including) the cost of construction, repairs, and restoration of the home."[9] The petition further describes the damages as "significant damage to the property, requiring significant repairs."[10]

---

[2] Petition at § I.
[3] Petition at § XVI.
[4] Petition at § XVI.
[5] *De Aguilar*, 47 F.3d 1404, 1412 (5th Cir. 1995) *quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992).
[6] *De Aguilar*, 47 F.3d at 1412, n. 10.
[7] *De Aguilar*, 47 F.3d at 1412; *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[8] Petition at § IV.
[9] Petition at § V.
[10] Petition at § VI.

7.     In addition, during the adjustment of the claim, Plaintiff through his counsel submitted estimates for repairs from Gage Adjusting Group in the amount of $41,261.72 and from Mike Barnett Construction in the amount of $158,657.49.[11]

8.     Plaintiff further "asserts all statutory claims, demands, and causes of action assertable [sic] under (including) breach of contract and chapter 542 of the Texas Insurance Code . . . attorney's fees . . . exemplary, as well as all other damages and penalties available at law."[12] In this connection, Plaintiff also seeks "an 18% per annum penalty"[13] and that Hartford's "conduct . . . was knowing" or alternatively "malicious and fraudulent" justifying punitive damages.[14] Taken together the submitted estimates and all of these alleged avenues of recovery easily exceed $75,000, the minimum jurisdictional limits of this Court.

9.     Finally, Hartford asked Plaintiff to stipulate that the amount of controversy is less than $75,000.[15] Plaintiff did not respond to Hartford's request. Plaintiff's lack of response is further evidence that the amount in controversy is greater than $75,000.00.

10.    Hartford does not admit the underlying facts as alleged by Plaintiff in his Original Petition or as summarized above. Hartford expressly denies that it has any liability to Plaintiff.

11.    Hartford was served with the Petition on August 26, 2019. This Notice of Removal is filed within 30 days of service of the Original Petition and is therefore timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

12.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of

---

[11] The estimates are attached to this notice together as Exhibit B.
[12] Petition at § XVI.
[13] Petition at § XVI.
[14] Petition at § XIII.
[15] Exhibit C.

citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a resident of Jefferson County, Texas. Hartford is incorporated in Connecticut with its principal place of business in Connecticut.

13. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). Plaintiff does not irrevocably limit his damage claim at or below $75,000 exclusive of interest and costs.

### REMOVAL PROCEDURE

14. The clerk of the 172nd Judicial District Court of Jefferson County, Texas has been provided notice of this Removal.

15. The following additional documents are attached to this notice and incorporated here by reference:

   a. Index of matters being filed;

   b. List of all parties and counsel of record; and

   c. Certified copies of documents contained in the state court file 172nd Judicial District of Jefferson County as Exhibit A.

### CONCLUSION

16. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Hartford removes this case to this Court for trial and determination.

(Signature on following page.)

Respectfully submitted,

/s/ Martin R. Sadler
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996

ATTORNEY-IN-CHARGE FOR DEFENDANT,
PROPERTY AND CASUALTY INSURANCE
COMPANY OF HARTFORD

OF COUNSEL:

Christine R. Edwards
Texas Bar No. 24107329
Federal Bar No. 3272073
cedwards@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996

### CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September 2019, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile, properly addressed to:

Thomas M. Furlow
Thomas Hernandez
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, Texas 78232

/s/ Martin R. Sadler
Martin R. Sadler